# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: S.V. & H.V.**

**No. 15-0145** (Mineral County 14-JA-2 & 14-JA-3)

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.V., by counsel Max H. White, appeals the Circuit Court of Mineral County's January 28, 2015, order terminating his parental rights to S.V. and H.V. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Kelley A. Kuhn, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in removing the children from his home, terminating his post-adjudicatory improvement period, and terminating his parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition against petitioner and his wife alleging aggravated circumstances based upon prior involuntary terminations of their parental rights to older children. The following month, the DHHR filed an amended petition that included additional information about the prior involuntary terminations and also alleged current abuse and neglect to the subject children due to an unsuitable home, failure to provide for the children, and substance abuse. According to the amended petition, the parents had recently moved to West Virginia from Maryland and left their child, S.V., in the care of petitioner's father and step-mother. According to the DHHR, petitioner's father is a convicted sex offender and his step-mother's parental rights to her biological children were terminated. Both parents also admitted that petitioner's step-mother "drinks from sun up to sun down" and "yell[s] at [S.V.]" for no apparent reason. Only after the DHHR expressed concerns about S.V. living in that home did petitioner and his wife bring the child to West Virginia. Upon further investigation, the DHHR learned that petitioner's uncle, with whom the family was residing, was also a convicted sex offender. The DHHR cautioned petitioner that he was living in an inappropriate home and

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

needed to move to assure the children's safety. Petitioner advised the DHHR that the family was moving in with another family, but the DHHR found that family had issues with domestic violence and other criminal activity. Further, there were already ten people living in the home. When petitioner and his family moved in, there were a total of fourteen people in the home. The DHHR advised petitioner to move the family into a shelter while awaiting suitable housing, but petitioner refused.

Prior to the amended petition's filing, the circuit court held a preliminary hearing in February of 2014, during which the mother indicated that she would take the children to a shelter. Based upon this representation, the circuit court placed the children in the DHHR's legal and physical custody but placed them with their mother. The circuit court further granted the family twenty-four hours to report to a shelter in Keyser, West Virginia, where the DHHR secured beds for the family. However, the shelter required petitioner to stay in an area separate from the family, and the parents refused to go to the shelter because of this condition. The family then secured funds from the community to stay in a hotel room, but soon ran out of money.

On March 6, 2014, the DHHR transported the entire family to a separate shelter in Clarksburg, West Virginia, where they could reside together. The circuit court further allowed petitioner to remain in the local area in order to secure employment and a home, if he so chose. Upon arrival at the shelter, both parents tested positive for marijuana. The following day, the parents informed the DHHR that they wished to place the children in foster care and return to Mineral County to look for housing. The DHHR complied with this request. That same month, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the prior involuntary termination of his parental rights and that he abused the subject children in the current matter by his failure to secure suitable housing and employment, and drug abuse. The circuit court then granted petitioner a six-month post-adjudicatory improvement period. Petitioner agreed to comply with the terms thereof, which included drug screens, obtaining gainful employment and suitable housing, and completing parenting, adult life skills, and anger management classes.

In December of 2014, the circuit court held a hearing on the guardian's motion to terminate petitioner's improvement period. The circuit court heard evidence that petitioner refused to participate in a GED program designed to assist him in obtaining employment. Additionally, the circuit court heard evidence that petitioner rejected offers to help find employment and that he ultimately failed to obtain employment or housing. The circuit court then terminated petitioner's improvement period and set the matter for disposition. The circuit court held a dispositional hearing in January of 2015 and found there was no reasonable likelihood that petitioner could substantially correct the issues of abuse or neglect in the near future and terminated his parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether

2

such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court removing the children from petitioner's care, terminating his post-adjudicatory improvement period, or terminating his parental rights.

First, there is simply no merit to petitioner's argument that the circuit court erred in taking the children from his care. In support of this assignment of error, petitioner argues that the DHHR's abuse and neglect petition was erroneously filed because it must allege conditions of abuse or neglect existing at the time of the petition's filing, but the children in this matter were thriving and safe. Upon our review, it is clear that petitioner's argument on this issue ignores both the specific facts of the case and the applicable statutes governing abuse and neglect petitions. Petitioner admits that the DHHR filed the initial petition based upon the prior involuntary terminations of the parents' parental rights to older children. What petitioner fails to acknowledge is that, pursuant to West Virginia Code § 49-6-5b(a)(3), the DHHR has an affirmative duty to file an abuse and neglect petition when "the parental rights of the parent to a sibling have been terminated involuntarily." Further, petitioner's argument ignores the fact that when the initial abuse and neglect petition was filed, the two children at issue were each living in different homes with convicted sex offenders. This clearly constitutes a situation in which imminent danger to the children's wellbeing exists.

Moreover, petitioner ignores the fact that although the circuit court transferred legal and physical custody of the children to the DHHR, it placed the children with their mother so long as they were living in a shelter during their attempt to obtain suitable housing. Petitioner accompanied the children and his wife to the shelter in Clarksburg, West Virginia, and resided with them there for approximately one day before contacting the DHHR and requesting that they take custody of the children. As such, it is clear that petitioner's argument concerning the children's removal from his care is without merit because the DHHR was required to file a petition based on aggravated circumstances and because petitioner specifically requested that the DHHR take custody of the children.

Next, the Court finds no error in the circuit court terminating petitioner's post-adjudicatory improvement period. Again, petitioner's argument on this issue ignores controlling statutory law regarding abuse and neglect proceedings. Specifically, West Virginia Code § 49-6-12(b) grants circuit courts discretion in granting post-adjudicatory improvement periods, but specifically states that such improvement periods are "not to exceed six months[.]" In the instant matter, petitioner's improvement period began on May 1, 2014. Accordingly, petitioner's improvement period expired as of November 1, 2014. The circuit court held the hearing on the

3

guardian's motion to terminate petitioner's improvement period on December 12, 2014, well past the improvement period's expiration.

Moreover, in order to obtain an extension to the improvement period under West Virginia Code § 49-6-12(g), the circuit court would have been required to find that petitioner "substantially complied with the terms of the improvement period[.]" Simply put, the record does not support such a finding. The terms of petitioner's improvement period required that he obtain suitable housing and employment to remedy the conditions of abuse and neglect present in this proceeding and in the prior proceeding that resulted in termination of his parental rights. While it is true that petitioner did complete some terms of his improvement period, such as anger management, adult life skills, and parenting classes, the record is clear that petitioner did not substantially comply with the terms of his improvement period. This is evidenced by petitioner's refusal to complete a GED program in furtherance of his potential employment, including lying to the multidisciplinary team ("MDT") about taking the GED classes. Further, the circuit court heard evidence that petitioner refused additional services designed to help him obtain employment, including transportation to Moorefield Job Service to submit applications for employment. Based upon this evidence, it is clear that petitioner did not substantially comply with the terms of his improvement period, as evidenced by the continuation of conditions of abuse and neglect in the home that resulted in a prior termination of parental rights.

Finally, the Court finds no error in the circuit court terminating petitioner's parental rights. In support of this assignment of error, petitioner alleges that the circuit court erred in finding there was no reasonable likelihood the conditions of abuse or neglect could be substantially corrected because the DHHR did not offer him services to find suitable housing or obtain gainful employment, other than offering GED classes. However, the Court finds this argument to be without merit for several reasons.

First, because this case involved aggravated circumstances due to the prior involuntary terminations of parental rights, the DHHR was not required to offer any services to achieve reunification pursuant to West Virginia Code § 49-6-5(a)(7)(C). Second, despite the fact that petitioner was not statutorily entitled to receive services, the DHHR offered extensive services, including those designed to help petitioner obtain employment and housing. Contrary to petitioner's argument, the DHHR offered multiple services designed to help petitioner obtain employment, including transportation to Moorefield Job Service to submit employment applications and a GED class in which petitioner willfully chose not to participate. Moreover, the record clearly shows that the DHHR began offering housing services as early as the preliminary hearing by securing the family beds at two different shelters that the family spent less than a day in before leaving voluntarily.

This evidence supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical,

mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

The circuit court specifically made this finding in regard to petitioner, based upon the evidence above related to his non-compliance with the terms of his improvement period. The circuit court further found that termination of petitioner's parental rights was in the children's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its January 28, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5